**HUMAN SERVICES, INC., a Colorado non-profit organization, Plaintiff–Appellee,**

v.

**Duane WOODARD, Attorney General of the State of Colorado; Alexander M. Hunter, District Attorney for the 20th Judicial District of the State of Colorado; Boulder County Department of Social Services; Boulder Police Department; David J. Thomas, District Attorney for the First Judicial District of the State of Colorado; Norman S. Early, Jr., District Attorney for the Second Judicial District of the State of Colorado; James F. Smith, District Attorney for the 17th Judicial District of the State of Colorado; Robert R. Gallagher, Jr., District Attorney the 18th Judicial District of the State of Colorado, Defendants–Appellants.**

No. 86CA1583.

Colorado Court of Appeals, Div. II.

Nov. 3, 1988.

St. Clair & Rolle, Alexander F. Rolle, Denver, for plaintiff-appellee.

Norman S. Early, Jr., Dist. Atty., David J. Dansky, Deputy Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for defendants-appellants.

MARQUEZ, Judge.

In this declaratory judgment action, plaintiff sought judicial clarification of two conflicting statutory provisions, namely: § 12–63.5–115, C.R.S. (1985 Repl.Vol. 5) which defines privileged communications with social workers under the Social Work Practice Act, and § 19–10–104, C.R.S. (1986 Repl.Vol. 8B) (currently § 19–3–304 (1987 Cum.Supp.)) of the Child Protection Act which requires that certain individuals report child abuse or neglect or be subject to criminal penalties. Defendants appeal a summary judgment in which the trial court

ruled the social worker privilege prevailed over the requirement to report child abuse. We affirm.

The Child Protection Act was repealed and reenacted effective October 1, 1987, as § 19–3–301, et seq., C.R.S. (1987 Cum. Supp.), the "Child Protection Act of 1987." *See* Colo.Sess.Laws 1987, ch. 138, at 762–775. The provisions pertaining to the reporting of child abuse or neglect are now codified in § 19–3–304 C.R.S. (1987 Cum. Supp.). Inasmuch as the events at issue here occurred before this legislative action, we express no opinion as to the effect of that reenactment.

The facts are not in dispute. In 1985, during the course of counseling and therapy, a client revealed to one of plaintiff's social workers that the client had a long term problem with child molestation, that the last incident of child molestation had occurred as recently as the previous year, and that the client was seeking professional help in order to prevent a recurrence. Plaintiff claimed that it was prevented by the social worker privilege set out in § 12–63.5–115, C.R.S. (1985 Repl.Vol. 5) from disclosing to governmental authorities the client's identity and other specifics, while the defendants claimed that the child abuse reporting statute then in effect, § 19–10–104, C.R.S. (1986 Repl.Vol. 8B), compelled that disclosure.

Seeking to determine legislative intent and to give effect to the policies the statutes evidenced, the trial court found that requiring plaintiff to report past acts of child abuse "eliminates the possibility that a person who has abused a child will voluntarily seek treatment," thereby defeating the Child Protection Act's purpose of preventing further harm to children. Accordingly, the court concluded that the General Assembly did not intend that plaintiff be required to report its client's past acts of child abuse.

Defendants contend that this construction of the Child Protection Act is erroneous. Since we resolve this action on the basis of the respective effective dates of the Acts involved, we express no opinion on this issue.

Both statutes were enacted in 1975 during the same session of the General Assembly. Section 19–10–104, C.R.S. (1986 Repl. Vol. 8B) of the Child Protection Act, having an effective date of June 30, 1975, states in pertinent part:

"Persons *required* to report child abuse or neglect. (1) Any person specified in subsection (2) of this section who has reasonable cause to know or suspect that a child *has been subjected* to abuse or neglect or who has observed the child being subjected to circumstances or conditions which would reasonably result in abuse or neglect *shall* immediately report or cause a report to be made of such fact to the county department [of social services] or local law enforcement agency.

"(2) Persons *required* to report such abuse or neglect or circumstances or conditions shall include any:

. . . .

"(m) Social worker . . . ." (emphasis added)

Section 19–10–102, C.R.S. (1986 Repl.Vol. 8B) (currently § 19–3–302 (1987 Cum. Supp.)) sets forth the legislative declaration as follows:

"The general assembly hereby declares that the *complete* reporting of child abuse is a matter of *public* concern and that in enacting this article it is the intent of the general assembly to protect the best interests of children of this state and to offer protective services in order to prevent any further harm to a child suffering from abuse . . . ." (emphasis added)

Section 19–10–112, C.R.S. (1986 Repl.Vol. 8B) (currently § 19–3–311 (1987 Cum. Supp.)) specifically abrogates the physician/patient, nurse/patient, and husband/wife testimonial privileges for purposes of the Child Protection Act.

Section 12–63.5–115, C.R.S. (1985 Repl. Vol. 5) of the Social Work Practice Act, having an effective date of July 1, 1975, sets forth a testimonial privilege for communications from a client to a social work-

er in the course of professional employment, stating that:

"A ... social worker *shall not* be examined without the consent of his client as to *any* communication made by the client to him or his advice given thereon in the course of professional employment...."

Section 12–63.5–115(2), C.R.S. (1985 Repl. Vol. 5) provides in pertinent part:

"*No* licensed social worker, registered social worker, person under the direction and personal supervision of a licensed social worker, or independently practicing social worker *may be compelled* to disclose *any* information he may have acquired from a person consulting him in his professional capacity, unless:

....

"(b) Such communication reveals the contemplation of a crime or harmful act;
"(c) the person is a child under the age of sixteen years and the information acquired indicated that the child was the victim or subject of a crime ...

....

"(3) Nothing in this section shall be construed to prohibit any licensed social worker ... from testifying in juvenile court hearings concerning matters of adoption, child abuse, neglect, or other matters pertaining to the welfare of children." (emphasis added)

The trial court found that the facts of this case do not fall within any of the listed exceptions to the social worker privilege. We agree.

■ Statutes should be interpreted, if possible, to harmonize and give meaning to other potentially conflicting statutes. *People v. T.O.*, 696 P.2d 811 (Colo.1985). In doing so, a court should give effect to the legislative intent as expressed in the purpose of the statute as a whole. *People in Interest of D.L.E.*, 645 P.2d 271 (Colo. 1982).

■ The legislative declaration of the Social Work Practice Act sets forth the purpose of the act: to safeguard the public welfare "against the unauthorized, unqual-

ified, and improper private, independent practice of social work." Section 12–63.5–102, C.R.S. (1985 Repl.Vol. 5).

In contrast, the purpose of the reporting section of the Child Protection Act then in effect was to protect the best interests of children and to encourage persons to report any known or suspected child abuse. Section 19–10–102, C.R.S. (1986 Repl.Vol. 8B). Hence, the purposes sought to be achieved by the statutes are not inherently incompatible; however, an analysis of the specific provisions here at issue leads us to conclude that in the area here at issue they are irreconcilable.

In the area of child abuse or neglect, § 19–10–104, C.R.S. (1986 Repl.Vol. 8B) and § 19–10–102, C.R.S. (1986 Repl.Vol. 8B) evidence the General Assembly's intent to require complete reporting to the applicable authorities by a social worker who has reasonable cause to know or suspect that a child has been subjected to abuse or neglect. Willful violation may result in criminal prosecution or liability for damages proximately caused thereby. Section 19–10–104, C.R.S. (1986 Repl.Vol. 8B). Furthermore, the social worker privilege is not included within those privileges abrogated by § 19–10–112, C.R.S. (1986 Repl. Vol. 8B).

On the other hand, § 12–63.5–115 C.R.S. (1985 Repl.Vol. 5) clearly provides that *no* social worker *may be compelled* to disclose *any* information he may have acquired from a person consulting him in his professional capacity except under very specifically described circumstances. The exceptions provided by this later enacted legislation, including client consent, a communication revealing contemplation of a crime or harmful act, a communication by a child under sixteen, or testifying in juvenile court hearings, do not apply to the facts in this case. A violation of this section subjects the social worker to criminal sanctions. Section 12–63.5–117 C.R.S. (1985 Repl.Vol. 5).

Thus, under the facts of this case, a social worker who obtains information concerning past incidents of child abuse or neglect is placed in an untenable position.

If the information is reported, as required by the Child Protection Act, the confidentiality provisions of the Social Worker Practice Act are violated and the social worker is subject to criminal liability. On the other hand, if the social worker, in compliance with the Social Worker Protection Act, does not report the information, the mandatory reporting provisions of the Child Protection Act are violated and the social worker is likewise subject to criminal sanctions. While the purpose of each statute is unquestionably commendable, the simple fact remains that, under the circumstances presented here, the pertinent portions of these statutes are irreconcilable.

When confronted with irreconcilable statutes, a court is obligated to apply § 2–4–206, C.R.S. (1980 Repl.Vol. 1B), which provides:

"If statutes enacted at the same or different sessions of the general assembly are irreconcilable, the statute prevails which is latest in its effective date. If the irreconcilable statutes have the same effective date, the statute prevails which is latest in its date of passage."

The Child Protection Act, as in effect here, § 19–10–101, et seq., C.R.S. (1986 Repl.Vol. 8B), which requires a social worker to report child abuse or neglect, carries an effective date of June 30, 1975. Section 12–63.5–115 of the Social Worker Practice Act, which forbids compelling a social worker to disclose any information obtained during a professional consultation, carries an effective date of July 1, 1975. Applying § 2–4–206, C.R.S. (1980 Repl.Vol. 1B) to the facts of this case, we conclude that § 12–63.5–115 C.R.S. (1985 Repl.Vol. 5) prevails.

JUDGMENT AFFIRMED.

SMITH and METZGER, JJ., concur.