**Jase P. GRABER, Defendant and Third–Party Plaintiff–Appellant,**

v.

**Keith WESTAWAY, Third–Party Defendant–Appellee.**

**No. 90CA0451.**

Colorado Court of Appeals, Div. III.

March 28, 1991.

Woodrow, Roushar & Carey, Frank J. Woodrow, Montrose, for defendant and third-party plaintiff appellant.

LaCroix & Alvillar, P.C., James R. Alvillar, Grand Junction, for third-party defendant-appellee.

Opinion by Judge TURSI.

Defendant and third-party plaintiff, Jase P. Graber, appeals the judgment denying his efforts to pursue a third-party complaint against Keith Westaway, third-party defendant. The issue before us is whether a defendant who has settled a personal injury claim is prohibited by § 13–21–111.5, C.R.S. (1990 Cum.Supp.), the proportionate fault statute, from litigating the apportionment of liability and collecting contribution from a non-designated tortfeasor by impleader. Contrary to the trial court, we conclude that the statute does not bar a defendant's right to seek contribution from another tortfeasor, and therefore, we reverse the judgment of the trial court.

In 1988, plaintiff was injured when struck by a pellet from an air rifle fired by Graber and owned by Westaway. Plaintiff filed a personal injury suit in which Graber was named as the sole defendant. The negligence claim was promptly settled and that settlement was approved by the trial court. Plaintiff released Graber and all other persons or entities that might be liable to him. Further, the settlement agreement provided that the underlying action would not be dismissed so as to allow Graber to pursue additional parties for contribution.

Although Graber did not timely designate Westaway as a non-party at fault pursuant to § 13–21–111.5(3)(b), C.R.S. (1990 Cum.Supp.), the trial court permitted him to file a third-party complaint for contribution against Westaway in which a determination of relative fault was requested. However, the trial court subsequently dismissed the pleading concluding that the proportionate fault statute eliminates joint and several liability, thereby prohibiting a tortfeasor from establishing a necessary element of a contribution claim.

Graber then sought the trial court's permission to file an amended third-party complaint to litigate the several liability of the parties pursuant to § 13–21–111.5 and, further, to recover pro rata contribution from all other parties determined to be at fault. The trial court determined that, in light of the abolition of joint liability, Graber's amended third-party complaint would also fail to state a claim. Consequently, Graber's motion to amend was denied.

I.

Graber contends that the trial court erred when it held that the proportionate

fault statute precludes a defendant as a matter of law from claiming contribution from any other person who may be severally liable for the same injury. We agree.

■ When interpreting legislation, we must attempt to harmonize and give effect to all potentially conflicting statutory language. *People v. T.O.*, 696 P.2d 811 (Colo. 1985); *Human Services, Inc. v. Woodard*, 765 P.2d 1052 (Colo.App.1988).

■ Here, because the proportionate fault and contribution statutes can be reconciled to give effect to each, we hold that the abolition of joint and several liability does not extinguish a defendant's right to contribution from other tortfeasors. *See Moran v. Carlstrom*, 775 P.2d 1176 (Colo. 1989).

The proportionate fault statute abolished the harsh common law doctrine of joint and several liability which could require a defendant to bear a disproportionate share of liability for plaintiff's injuries, regardless of his degree of relative fault. *See Williams v. White Mountain Construction Co., Inc.*, 749 P.2d 423 (Colo.1988). Section 13–21–111.5 provides that, in tort litigation, the jury shall apportion fault severally among all plaintiffs, defendants, and designated non-parties, and that a defendant is liable only for that percentage of plaintiff's damages which represents the amount of fault attributable to him.

Section 13–50.5–101, et seq., C.R.S. (1990 Cum.Supp.), the Uniform Contribution Among Tortfeasors Act, provides a mechanism by which a tortfeasor may recover contributions from other tortfeasors for the amount the tortfeasor paid in excess of his pro rata share of liability. Specifically, § 13–50.5–102(1), C.R.S. (1990 Cum.Supp.) states "where two or more persons become jointly or severally liable in tort for the same injury ... there is a right of contribution among them even though judgment has not been recovered against all or any of them." This statute does not prohibit a defendant found liable in tort from subsequently litigating the several liability of other tortfeasors. *National Farmers Union Property & Casualty Co. v. Frackelton*, 662 P.2d 1056 (Colo.1983).

Our reconciliation of the statutes is predicated, in part, upon the plain language of the contribution statute, which permits a tortfeasor to invoke the right of contribution against another by showing that he is "jointly *or* severally liable." Section 13–50.5–102(1), C.R.S. (1990 Cum.Supp.) (emphasis supplied); *see also Kussman v. Denver*, 706 P.2d 776 (Colo.1985). This disjunctive language does not evince an intent by the General Assembly to require a defendant to establish both joint *and* several liability as a prerequisite to his right of contribution.

Also, the adoption of a pure several liability scheme in lieu of the common law doctrine of joint and several liability "does not abolish the legal principle that two or more parties may concurrently cause one injury to a plaintiff." *M.R. Watters v. Pelican International, Inc.*, 706 F.Supp. 1452 (D.Colo.1989). Thus, pursuant to the provisions of the proportionate fault statute, a defendant is permitted to establish the *several* liability of one or more other parties as a cause of the same injury to plaintiff.

The establishment of common liability satisfies the contribution statute's required showing of several liability. Consequently, the abolition of joint and several liability does not impact a defendant's right to contribution. *M.R. Watters v. Pelican International, Inc., supra.*

Our conclusion is bolstered by the fact that the proportionate fault statute is not the exclusive means by which a defendant may litigate the pro rata share of liability among tortfeasors. Although it diminishes the need for joint tortfeasors to initiate a subsequent action for the purpose of litigating the apportionment of liability, it "is not dispositive of a defendant's right to seek contribution from a joint tortfeasor in a subsequent action upon showing that party to be severally liable." *M.R. Watters v. Pelican International, Inc., supra; see Williams v. White Mountain Construction Co., Inc., supra.*

Accordingly, the trial court erred when it dismissed Graber's third-party complaint

and denied his motion to amend solely upon the ground that Graber could not establish the predicate element of Westaway's "joint and several liability."

## II.

■ Because of the above conclusion, the issue arises whether Graber's failure to designate Westaway as a non-party at fault bars his post-settlement third-party contribution claim. We conclude that it did not.

In *M.R. Watters v. Pelican International, Inc., supra*, the court recognized that the proportionate fault statute "simply provides a mechanism by which one party may avoid compensating a victim for the portion of that injury attributable to the concurring acts of another tortfeasor." It does not extinguish defendant's right to seek contribution from a joint tortfeasor in a subsequent action, even when defendant has failed to designate timely the joint tortfeasor as a non-party at fault pursuant to § 13–21–111.5(3)(b).

Here, after compensating plaintiff in whole, Graber claimed a right to contribution from another tortfeasor whose several liability he sought to establish. Even though he attempted to do so in the same action by way of impleader, Graber's compensation for the entire liability by settlement places him in the same position as a party who litigates proportionate liability in a subsequent action.

Under these limited circumstances, we are satisfied that the policy considerations sought to be advanced by the General Assembly also apply here to permit a tortfeasor to pursue a contribution claim, despite his failure to designate. *See M.R. Watters v. Pelican International, Inc., supra.*

Therefore, the judgment of the trial court is reversed, and the cause is remanded with directions to permit Graber to file his amended complaint and for further proceedings on the claims stated therein.

DUBOFSKY and MARQUEZ, JJ., concur.