**Charles P. HUGHES, Plaintiff,**

v.

**Harlan JOHNSON; George McLachlan; Anthony J. DiCola; Johnson, McLachlan and DiCola, a Colorado general partnership; Davis Realty, a Colorado corporation; William R. Davis; and The First National Bank in Lamar, a national banking association, Defendants.**

**Civ. A. No. 90–N–1782.**

United States District Court,
D. Colorado.

June 6, 1991.

Debra Piazza and Patrick Gartland, Montgomery Little Young Campbell & McGrew, P.C., Englewood, Colo., for plaintiff Charles P. Hughes.

J.J. Petrock, Frederick A. Fendel, III, John M. Dingess, Petrock, Fendel & Dingess, P.C., Englewood, Colo., for Davis Realty and William R. Davis.

Martin Zerobnick, Stephen N. Berkowitz, Lutz and Berkowitz, P.C., Denver, Colo., for Harlan Johnson, George McLachlan and Johnson, McLachlan & DiCola.

Michael W. Callahan, J. Keith Tempel, Grant, McHendrie, Haines & Crouse, Denver, Colo., for First Nat. Bank in Lamar.

Elizabeth A. Starrs, Cooper & Kelley, P.C., Denver, Colo., for Anthony J. DiCola.

MEMORANDUM OPINION
AND ORDER

NOTTINGHAM, District Judge.

Defendants Harlan Johnson, George McLachlan, and Anthony J. DiCola are law-

yers. They used to practice law in the firm of Johnson, McLachlan & DiCola, a general partnership. Hughes, a former client of the law firm, has sued the firm and its partners for professional negligence, breach of fiduciary duty, and breach of contract. He invokes this court's diversity jurisdiction.

The matter is now before the court on DiCola's motion for summary judgment. DiCola was a partner in the firm of Johnson, McLachlan & DiCola when the acts underlying plaintiff's claims occurred. He was not involved in those acts. His liability is therefore predicated on Colo.Rev.Stat. § 7–60–115(1)(a) (1986 Repl.Vol.), which provides that all partners are liable, "[j]ointly and severally," for loss or injury caused to third parties by a wrongful act or omission of any partner acting in the ordinary course of partnership business. *See also* Colo.Rev.Stat. § 7–60–103 (1986 Repl. Vol.).

The basis for DiCola's motion is that section 7–60–115(1)(a) allegedly conflicts with more recent tort reform legislation embodied in Colo.Rev.Stat. § 13–21–111.5(1) (1987 Repl.Vol.). Section 13–21–111.5(1) specifies that "[i]n an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant." The perceived conflict between the two statutes is chimerical, and the motion for summary judgment is denied.

The common law developed a principle that each of several wrongdoers "might be liable for the *entire loss* sustained by the plaintiff, even though the defendant's acts concurred or combined with that of another wrongdoer to produce the result." W. Prosser & W. Keeton, *The Law of Torts* § 46, at 328 (5th ed. 1984) (emphasis supplied). This principle "allowed a solvent defendant minimally at fault to bear the full burden of judgment where the tortfeasor to whom the major portion of fault was attributable was either insolvent or otherwise unavailable." *Watters v. Peli-*

*can International, Inc.,* 706 F.Supp. 1452, 1457 (D.Colo.1989) (citations omitted). Section 13–21–111.5 rectifies this inequity: it abrogates the common law principle and substitutes the rule that each of several wrongdoers is liable for only a portion of a plaintiff's injuries, calculated according to that wrongdoer's percentage of fault. The statute's terms plainly assume the existence of at least two wrongdoers whose acts or omissions combine to produce a loss.

Section 7–60–115(1)(a), in contrast, is simply a rule imposing vicarious or imputed liability upon one party solely because of that party's relationship to a wrongdoer. Liability is imposed, even though the party has played no part in the wrongdoing, "has done nothing whatever to aid or encourage it, or indeed has done all that he possibly can to prevent it." W. Prosser & W. Keeton, *The Law of Torts* § 69, at 499 (5th ed. 1984). The law is replete with such rules. *See id.* §§ 69–73. It is far-fetched to suggest that the Colorado legislature swept them aside when it addressed an entirely different subject. *Accord, Bank of Denver v. Southeastern Capital Group, Inc.,* 763 F.Supp. 1552, 1560 (D.Colo.1991). It is therefore

ORDERED that the motion for summary judgment be denied.