**Donna L. MOODY, Plaintiff–Appellant,**

v.

**A.G. EDWARDS & SONS, INC.,
a Delaware corporation,
Defendant–Appellee.**

No. 91CA1762.

Colorado Court of Appeals,
Div. V.

Dec. 3, 1992.
Rehearing Denied Jan. 14, 1993.

A. Daniel Rooney, Aurora, for plaintiff-appellant.

Holland & Hart, Scott S. Barker, Denise S. Maes, Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Donna L. Moody, appeals a judgment of the trial court entered on a jury verdict in favor of defendant, A.G. Edwards & Sons, Inc. She claims that the trial court erred in submitting instructions and a special verdict form to the jury. Defendant cross-appeals, claiming that the instructions were appropriate as a matter of law. We affirm.

In March 1985, plaintiff and Dwane and Ruth Henderson (Hendersons) entered into a residential real estate contract whereby the Hendersons agreed to purchase plaintiff's home for $89,500. Under the terms of the contract, plaintiff loaned the Hendersons $67,125 to finance the transaction. In return, the Hendersons executed a promissory note in favor of plaintiff in the amount of the loan.

The promissory note was secured by United States Certificates of Accrual on Treasury Securities (CATS) totalling $68,000, which the Hendersons purchased from defendant, a securities brokerage firm, prior to closing on the real estate transaction. Both the contract of sale and the promissory note provided that the CATS would be held in trust and would be transferred directly into a trust account by a securities broker. Both documents, additionally, provided that the transfer into the trust account "will be done by said Broker in the form of a verifying letter at time of closing."

At closing, the Hendersons produced a letter signed by a broker employed by defendant's firm who confirmed the Hendersons' purchase of CATS in the amount of $68,000, and stated that: "Said certificates are to be deposited into the escrow account of [plaintiff] and Henderson at the United Bank of Colorado Springs."

The CATS were never delivered to United Bank of Colorado Springs. Instead, in April 1985, defendant delivered them to the Hendersons, who cashed them in January and February 1986. Plaintiff did not discover that the CATS were not in escrow until approximately two years after she had sold her property to the Hendersons. Thus, the CATS were not available to pay off plaintiff's loan to the Hendersons when they defaulted on their promissory note payments in September 1987.

Plaintiff brought the underlying action against defendant on the theory that it had negligently misled her into believing that it would deliver the securities to the United Bank of Colorado Springs, rather than to the Hendersons. She alleged that defendant's negligence caused the misappropriation of the CATS by the Hendersons and that, consequently, she suffered damages.

Prior to trial, defendant moved to designate the Hendersons as nonparties, pursuant to § 13-21-111.5, C.R.S. (1987 Repl.Vol. 6A). Plaintiff's motion to strike the designation of the nonparties was denied, and the case proceeded to trial with the Hendersons included as nonparties.

At the conclusion of the evidence, and over plaintiff's objection, the trial court instructed the jury that it could allocate responsibility for plaintiff's damages between the Hendersons and defendant. The jury returned a verdict in favor of plaintiff, and, using a special verdict form, it apportioned damages of 49% to defendant, 25.5% to Ruth Henderson, and 25.5% to Dwane Henderson. This appeal followed.

■ Plaintiff contends that the trial court erred in instructing the jury to consider the Hendersons' responsibility for plaintiff's damages as designated nonparties. She argues that, in order for the Hendersons to be designated as nonparties, they must have been joint tortfeasors with defendant. We do not agree.

The General Assembly has provided that part of the total liability for damages to a plaintiff may be apportioned to nonparties who may be partially or wholly at fault for a plaintiff's injuries. The statute states, in relevant part, as follows:

(1) In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by

the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss, except as provided in subsection (4) of this section.

(2) The jury shall return a special verdict ... determining the percentage of negligence or fault attributable to each of the parties and *any persons not parties to the action* of whom notice has been given ... to whom some negligence *or fault* is found and determining the total amount of damages sustained by each claimant....

(3)(a) Any provision of the law to the contrary notwithstanding, the finder of fact in a civil action may consider the degree or percentage of negligence or fault of a person not a party to the action, based upon evidence thereof, which shall be admissible, in determining the degree or percentage of negligence or fault of those persons who are parties to such action....

(4) Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act. Any person held jointly liable under this subsection (4) shall have a right of contribution from his fellow defendants acting in concert. A defendant shall be held responsible under this subsection (4) only for the degree or percentage of fault assessed to those persons who are held jointly liable pursuant to this subsection (4).

Section 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A) (emphasis added).

This proportionate fault statute rectifies the inequity developed under the common law concept of joint and several liability whereby each of several wrongdoers " 'might be liable for the entire loss sustained by the plaintiff, even though the defendant's acts concurred or combined with that of another wrongdoer to produce the result.' " *Hughes v. Johnson*, 764 F.Supp. 1412, 1413 (D.Colo.1991) (quoting W. Prosser & W. Keeton, *Torts* § 46 at 328 (5th ed. 1984)).

Section 13–21–111.5 abrogates this common law principle and substitutes the rule that each of several wrongdoers is liable for only a portion of a plaintiff's injuries, calculated according to that wrongdoer's percentage of fault, and its plain terms assume the existence of at least two wrongdoers whose acts or omissions combine to produce a loss. *Hughes v. Johnson, supra; Graber v. Westaway*, 809 P.2d 1126 (Colo.App.1991). *See Watters v. Pelican International, Inc.*, 706 F.Supp. 1452 (D.Colo.1989).

■ And, although the proportionate fault statute established a "pure several liability regime," it does not abolish the legal principle that two or more parties may concurrently cause one injury to a plaintiff. *Watters v. Pelican International, Inc., supra*, at 1455. *See* Laugesen, *Colorado's Relative Fault System*, at 9–12 (Colo.Judicial Conf.1988); Pressler, *Joint and Several Liability: A Case for Reform*, 64 Den.U.L.Rev. 651 at 682 (1988); 3 Harper, James & Gray, *The Law of Torts* § 10.1 at 3 (1986). Section 13–21–111.5(4) retains the concept that injury may be caused by joint tortfeasors, under certain circumstances, as opposed to injuries caused by separate torts.

■ Plaintiff concedes that § 13–21–111.5(4), which allows joint liability to be conferred upon joint tortfeasors, is not applicable here. Rather, the issue here is delineated by the statute's apparent distinction that injury may be caused as the result of separate torts, as opposed to injury caused by joint tortfeasors. Hence, apart from § 13–21–111.5(4), the acts on the part of a designated nonparty which have contributed to a plaintiff's injury are not required to have been the *same* tortious acts as those of a defendant.

The applicable portion of the statute provides that a jury may apportion liability to any party or nonparty who is found to have contributed to a plaintiff's injury or to whom fault may be attributed. Thus, a jury need not consider whether the respective act or acts of the tortfeasors were undertaken in conjunction with a defendant's tortious act or acts so long as all of

the acts, considered together, were instrumental in contributing to a plaintiff's injury.

Here, although the Hendersons' misappropriation of funds constitutes a tort that is substantially different from, and occurred much later in time than, the negligence on the part of defendant which allowed the misappropriation to occur, evidence in the record reflects that the independent acts of both the Hendersons and defendant contributed to plaintiff's injury, either through negligence or fault. Hence, the Hendersons are appropriately included in the action as nonparties who may be found to be tortfeasors that have contributed to plaintiff's injury.

Our disposition renders defendant's cross-appeal moot.

The judgment of the trial court is affirmed.

HUME and MARQUEZ, JJ., concur.