The **FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Marvin W. MOLL, David L. Moll, Douglas E. Moll, Daniel C. Moll, Stephen M. Peterson, William C. Easton, III, and Thomas C. Poletti, Defendants.**

No. 91–M–368.

United States District Court, D. Colorado.

Jan. 12, 1993.

Jack M. Englert, Jr., Butch Taylor, Holland & Hart, Denver, CO, for plaintiff.

Thomas E. Downey, Jr., Downey & Knickrehm, P.C., Denver, CO, Michael B. McGe-

ehon, Sedgwick, Detert, Moran & Arnold, San Francisco, CA, for defendants.

Defendants David Moll, Marvin Moll and Daniel C. Moll were not represented by counsel.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

MATSCH, District Judge.

The Court having considered the FDIC's motion for entry of default judgment against defendants Marvin W. Moll, Douglas E. Moll, Daniel C. Moll, William C. Easton, III ("Easton"), and Thomas C. Poletti ("Poletti"), the confession of judgment of defendant Stephen M. Peterson ("Peterson"), the FDIC's motion for entry of judgment against Peterson, the FDIC's motion for summary judgment against defendant David L. Moll, the FDIC's memorandum in further support of its motions for entry of judgment, the affidavits supporting the FDIC's motions, the deposition testimony of Elmer C. Jackson, the Court's file, and argument at a hearing on December 18, 1992, and being fully advised in the premises, makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT

1. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1345, 28 U.S.C. § 1391(b), and 12 U.S.C. § 1819.

2. Defendants Marvin Moll, Douglas Moll, David Moll, Daniel Moll, Peterson, Easton, and Poletti (collectively "the Directors") served as directors of Security Bank of Aurora, Security Bank of Boulder, and/or Security Bank of Denver (collectively "the Banks").

3. The Banks have failed, and the FDIC now holds the Banks' claims and causes of action against their former directors and officers.

4. The FDIC has alleged in this case that the Directors breached their duties as directors of the Banks and caused the Banks to suffer losses.

5. On September 13, 1991, the Court entered a notice of the default of Marvin W. Moll, Douglas E. Moll, Daniel C. Moll, Easton, and Poletti.

6. Marvin W. Moll, Douglas E. Moll, Daniel C. Moll, Easton, and Poletti are not infants, incompetent persons, officers or agencies of the State of Colorado, or in the military service.

7. Pursuant to Fed.R.Civ.P. 55(b)(2), the FDIC has served written notice of its motion for entry of default judgment on those defendants who have appeared in this case, and no defendant has responded to the FDIC's motion.

8. On or about September 18, 1992, Peterson confessed judgment to the FDIC's Second Claim for Relief relating to its damages arising out the Security Operations Center ("SOC") and Security Bank of Denver's commitment to a nationwide system of loan production offices ("LPOs").

9. The FDIC has dismissed its alternative First Claim for Relief and those portions of its Second Claim for Relief to which Stephen M. Peterson has not confessed judgment, and has sought the entry of judgment against Stephen M. Peterson on those claims to which he has confessed judgment.

10. The FDIC has moved for summary judgment against defendant David L. Moll on its claims that Mr. Moll breached his duties as a director of the Banks.

11. The FDIC's motion, briefs, affidavits, and the deposition testimony of Elmer Jackson establish (a) that David L. Moll breached his duty of due care as a director of Security Bank of Aurora, Security Bank of Boulder, and Security Bank of Denver in connection with the Banks' use of SOC, Security Bank of Denver's commitment to a nationwide system of LPOs, and the approval of Security Bank of Aurora's unsecured loans to Daniel C. Moll, and (b) that these breaches of David L. Moll caused the FDIC to suffer losses in the total amount of $5,840,709.31, including accrued interest through December 18, 1992.

12. David L. Moll has not responded to the FDIC's motion for summary judgment.

13. The FDIC has withdrawn its First Claim for Relief based on breach of fiduciary duty, and has sought the entry of judgment against all defendants under its Second Claim for Relief based on negligence.

14. The FDIC has chosen not to pursue any recovery for its allegations relating to any excessive fees, commissions, and other payments to the Molls and Moll-owned businesses, and has withdrawn any such claim from this case.

15. There are no outstanding issues of fact, and this matter is ripe for the entry of final judgment against Marvin W. Moll, Douglas E. Moll, Daniel C. Moll, William C. Easton, III, Thomas C. Poletti, Peterson, and David L. Moll.

16. The FDIC has presented evidence to the Court establishing that it has suffered the following total damages as of December 18, 1992 attributable to the Directors:

| | | |
|---|---|---|
| (a) | Marvin W. Moll: | $6,473,729.55 |
| (b) | Douglas E. Moll: | $6,473,729.55 |
| (c) | Daniel C. Moll: | $ 257,546.63 |
| (d) | William C. Easton, III: | $1,569,232.19 |
| (e) | Thomas C. Poletti: | $4,120,422.66 |
| (f) | Stephen M. Peterson: | $6,044,789.35 |
| (g) | David L. Moll: | $5,840,709.31 |

### CONCLUSION OF LAW

17. Pursuant to Fed.R.Civ.P. 55, the entry of default judgment against defendants Marvin Moll, Douglas Moll, Daniel Moll, Easton, and Poletti is appropriate based on those defendants' failure to respond to the FDIC's complaint.

18. Defendant Peterson has confessed judgment to the FDIC's claim that he negligently caused the losses attributable to SOC and the LPOs. Peterson, through his counsel at the hearing on December 18, 1992, indicated that he would not oppose the FDIC's evidence of its damages. Therefore, the FDIC's claims against Peterson are established for the purposes of entering judgment.

19. Since David L. Moll has neither opposed the FDIC's motion for summary judgment nor set forth any specific facts showing a genuine issue for trial, the Court may take the uncontested assertions of the FDIC as established fact for purposes of granting its motion for summary judgment against David Moll. Fed.R.Civ.P. 56(e); *see also Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980); *Cassidy v. Welfare &* *Pension Fund,* 580 F.Supp. 175, 176 (E.D.Pa. 1983).

20. 12 U.S.C. § 1821(*l*) provides that the FDIC is entitled as a matter of law to recover "appropriate interest" on its losses in this case.

21. The FDIC has sought the award of pre-judgment interest at the rate of 8% for its losses attributable to the Banks' use of SOC and Security Bank of Denvers' LPOs. The FDIC through its accounting expert, Mr. Jackson, has offered evidence that this interest rate is reasonable. This interest rate also is consistent with the statutory pre-judgment interest rate of Colorado. Colo. Rev.Stat. § 5–12–101. The award of 8% pre-judgment interest on the FDIC's losses attributable to SOC and the LPOs is appropriate under the facts of this case and the law. *See, e.g., Eastman Kodak Co. v. Westway Motor Freight, Inc.,* 949 F.2d 317, 321 (10th Cir.1991).

22. In connection with its losses relating to the loans to Daniel Moll, the FDIC has requested the award of pre-judgment interest at the rates set out in the promissory notes. Well settled authority recognizes the appropriateness of recovering contractual interest due on an imprudent loan from a defendant bank director. *See, e.g., Michelsen v. Penney,* 135 F.2d 409, 418 (2d Cir. 1943); *FDIC v. Burrell,* 779 F.Supp. 998, 1001–02 (S.D.Iowa 1991); 10 Am.Jur.2d Bank § 218 (1963).

23. The FDIC's request for prejudgment interest on its damages in this case is reasonable and appropriate under the Tenth Circuit's two-step analysis for prejudgment interest. *U.S. Industries, Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1257 (10th Cir.1988). The award of this interest will appropriate compensate the FDIC. Furthermore, none of the Directors has offered any evidence of equities that would preclude the award of such interest to the FDIC. *Eastman Kodak Co. v. Westway Motor Freight, Inc.,* 949 F.2d at 321; *see also U.S. Industries, Inc. v. Touche Ross & Co.,* 854 F.2d at 1256.

24. The FDIC has sought the entry of joint and several judgments against the Directors. The FDIC has argued that the Court should not apply Colorado's proportionate liability statute to this case. Colo. Rev.Stat. § 13–21–111.5.

25. There can be no question about the scope of the nationwide crisis in the financial institutions industry. Congress has enacted extensive litigation to assist the FDIC in responding to this crisis. *See* Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183 (Aug. 9, 1989); Comprehensive Thrift and Bank Fraud Prosecution and Taxpayer Recovery Act of 1990, Title XXV of the Crime Control Act of 1990, Pub.L. No. 101–647, 104 Stat. 4789.

26. This Court and other federal courts have recognized the strong federal policy evidenced in these laws to enable the FDIC to pursue the recovery of the losses of failed banks. *See, e.g., Gaff v. FDIC*, 919 F.2d 384, 391 (6th Cir.1990), *modified,* 933 F.2d 400 (6th Cir.1991); *FDIC v. Isham,* 777 F.Supp. 828, 831 (D.Colo.1991).

27. The Supreme Court has held that "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives to Congress," federal law preempts state law. *Pacific Gas & Elec. v. State Energy Resources Conservation & Dev. Comm'n,* 461 U.S. 190, 204, 103 S.Ct. 1713, 1722, 75 L.Ed.2d 752 (1983).

28. The efforts of the FDIC to respond to the nationwide crisis in the financial institutions industry calls for the application of a federal rule of joint and several liability. The recent acts of Congress and the related federal policies support the application of such a federal common law rule.

29. The application of a federal common law of joint and several liability to the FDIC's actions against the directors and officers of failed banks satisfies the test set forth in *United States v. Kimbell Foods,* 440 U.S. 715, 728–29, 99 S.Ct. 1448, 1458–59, 59 L.Ed.2d 711 (1979); *see also FDIC v. Bank of Boulder,* 911 F.2d 1466, 1474 (10th Cir. 1990), *cert. denied,* 499 U.S. 904, 111 S.Ct. 1103, 113 L.Ed.2d 213 (1991).

30. A uniform system of recovery from culpable directors is critical to the FDIC's efficient recovery of losses of failed banks. The application of statutes such as Colorado's proportionate liability statute would unduly increase the complexity and cost of the FDIC's actions against the directors and other professionals of failed banks in Colorado and other states, and result in inconsistent rules applying to the FDIC's nationwide actions. The application of a proportionate liability statute also would frustrate the FDIC's goal of maximizing its recovery by, among other things, permitting the reduction of the FDIC's claims through the allocation of fault to non-parties. Finally, the relationship of a failed bank as victim with its former directors as tortfeasors does not impact commercial relationships under the law of Colorado. *See FDIC v. Main Hurdman,* 655 F.Supp. 259, 266 (E.D.Cal.1987). Other courts have reached similar conclusions. *See, e.g., FSLIC v. McGinnis, Juban, Bevan, Mullins & Patterson, P.C.,* 808 F.Supp. 1263, 1275–1279, 1992 U.S.Dist. LEXIS 17925 at 35–48 (M.D.La. July 13, 1992); *FDIC v. Geldermann, Inc.,* 763 F.Supp. 524, 528–29 (W.D.Okla.1990), *reversed on other grounds,* 975 F.2d 695 (10th Cir.1992).

31. Even if the FDIC were subject to Colorado's proportionate liability statute, the application of that statute in this case would be inappropriate.

32. The proportionate liability statute contemplates the presentation of evidence concerning the allocation of fault among parties and non-parties. Colo.Rev.Stat. § 13–21–111.5; *Graber v. Westaway,* 809 P.2d 1126, 1128 (Colo.App.1991). The Directors have not presented any evidence supporting the apportionment of fault in this case. There is no evidence before the Court that would support the allocation of fault.

33. The Court not only lacks evidence supporting the allocation of fault, but also the facts of this case fall outside the intended purpose of Colorado's proportionate liability statute. The Colorado legislature passed this statute to eliminate the perceived inequity of joint and several liability. *Hughes v. Johnson,* 764 F.Supp. 1412, 1413 (D.Colo. 1991). No such inequity is possible in this case.

34. The FDIC has stipulated that it will pursue the collection of any judgment in this case only from the D & O policy issued to the Banks, because all of the Directors have gone through Chapter 7 bankruptcy. Consequently, the entry of joint and several liability judgments in this case would not impose an inequitable burden of judgment on any of the Directors.

35. The FDIC has presented sufficient evidence to support the entry of judgments in the amounts requested.

### ORDER

Based on the foregoing findings of fact and conclusions of law, the Court grants the FDIC's motion for entry of default judgment against defendants Marvin W. Moll, Douglas E. Moll, Daniel C. Moll, William C. Easton, III, and Thomas C. Poletti, the FDIC's motion for entry of judgment against Stephem M. Peterson, and the FDIC's motion for summary judgment against David L. Moll, and

THEREFORE, IT IS ORDERED that joint and several judgments shall be entered in favor of the Federal Deposit Insurance Corporation, in its corporate capacity, on its Second Claim for Relief based on negligence and against the defendants in the following amounts:

(a) Marvin W. Moll: $6,473,729.55 plus per diem interest in the total amount of $991.07 from December 19, 1992 to the date of this order and post-judgment interest at the statutory rate from the date of this judgment until satisfaction of this judgment.

(b) Douglas E. Moll: $6,473,729.55 plus per diem interest in the total amount of $991.07 from December 19, 1992 to the date of this order and post-judgment interest at the statutory rate from the date of this judgment until satisfaction of this judgment.

(c) Daniel C. Moll: $257,546.63 plus per diem interest in the total amount of $34.09 from December 19, 1992 to the date of this order and post-judgment interest at the statutory rate from the date of this judgment until satisfaction of this judgment.

(d) William C. Easton, III: $1,569,232.19 plus per diem interest in the total amount of $232.74 from December 19, 1992 to the date of this order and post-judgment interest at the statutory rate from the date of this judgment until satisfaction of this judgment.

(e) Thomas C. Poletti: $4,120,422.66 plus per diem interest in the total amount of $629.00 from December 19, 1992 to the date of this order and post-judgment interest at the statutory rate from the date of this judgment until satisfaction of this judgment.

(f) Stephen M. Peterson: $6,044,789.35, plus per diem interest in the total amount of $910.86 per day from December 19, 1992 through the date of this order and post-judgment interest at the statutory rate from the date of this judgment until satisfaction of this judgment.

(g) David L. Moll: $5,840,709.31 plus per diem interest in the total amount of $900.71 per day from December 19, 1992 through the date of this order and post-judgment interest at the statutory rate from the date of this judgment until satisfaction of this judgment.

IT IS FURTHER ORDERED that the FDIC's alternative claim for relief based on breach of fiduciary duty shall be dismissed, and that these judgments are full and final.