Dawn FRIED, individually and by and through Special Conservator Carl E.K. Johnson; the Estate of Dawn Fried, by and through Carl E.K. Johnson; and Carl E.K. Johnson, as Special Conservator of the Estate of Dawn Fried, and on behalf of Dawn Fried and the Estate of Dawn Fried, Plaintiffs–Appellants,

v.

Corky LEONG, Defendant–Appellee.

No. 95CA0445.

Colorado Court of Appeals,
Div. IV.

Feb. 6, 1997.

As Modified on Denial of Rehearing
March 20, 1997.

Certiorari Denied Oct. 27, 1997.

Rench, Seelen & Hazen, Joyce Seelen, Denver, for Plaintiffs—Appellants (On Petition for Rehearing).

Leland P. Anderson, P.C., Leland P. Anderson, Denver, for Plaintiffs–Appellants.

Montgomery Little & McGrew, P.C., William H. ReMine, III, David C. Little, Englewood, for Defendant–Appellee.

Schaden, Lampert & Lampert, Brian John Lampert, Denver, for Amicus Curiae Colorado Trial Lawyers Association.

Opinion by Judge BRIGGS.

Plaintiff Dawn Fried (together with her estate and her conservator) appeals the judgment entered against defendant, Corky Leong, for psychological malpractice. She contends the trial court erred in allowing the jury to allocate fault to designated nonparties whose conduct merely contributed to the condition for which she sought treatment. We affirm the judgment of liability against defendant. We reverse the award of damages and remand for a new trial to determine a proper damage award and to allocate the damages to defendant and to any properly designated nonparties also found to be negligent or at fault.

Plaintiff, recently divorced, sought assistance from a mental health center. She reported recurring flashbacks of abuse by her ex-husband, as well as by her brother and parents when she was a child. Defendant, a psychologist at the center, was assigned to treat her.

While the treatment continued, defendant and plaintiff became romantically involved. For three years they saw or talked to each other almost daily.

During this time, plaintiff became dependent on defendant, suffered chronic depression, and began exhibiting symptoms of multiple personality disorder. She developed migraine headaches and became addicted to a pain killer. On several occasions she mutilated herself with a razor. Her two children were removed from her home.

After three years defendant broke off the relationship. He moved to another state.

Plaintiff initiated this action, alleging that her preexisting condition had been exacerbated by defendant's negligence and outrageous conduct. Partly because of concern as to the scope of defendant's insurance coverage, plaintiff stipulated with defendant before trial that the jury would be instructed the "physically intimate" relationship between the two was not a part of her claims and that she could not recover any damages because of such a relationship. Any recovery was limited to damages resulting from defendant's "boundary violations," apparently referring to defendant's inappropriate involvement in plaintiff's personal life other than of a sexual nature.

Defendant maintained that plaintiff's condition was in fact no worse than before treatment. He named as designated nonparties at fault plaintiff's parents, her brother, her ex-husband, an unidentified person who had allegedly raped her and fathered one of her children, and two hospital attendants who had allegedly raped her during the time she was in treatment with defendant. At trial, over plaintiff's objection, the court's instructions and verdict forms permitted the jury to

allocate fault among all the designated nonparties.

The jury concluded that defendant's negligence was a cause of plaintiff's injuries and awarded significant damages. However, it apportioned 97% of the fault to the designated nonparties and only 3% to defendant. The trial court entered judgment against defendant for only that portion of the damages awarded.

## I.

Plaintiff contends the trial court erred in allowing the jury to apportion fault among designated nonparties whose conduct merely helped create the psychological condition that led her to seek psychotherapy. We agree.

Section 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A) provides in relevant part:

> (1) In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss....

> (2) The jury shall return a special verdict ... determining the percentage of negligence or fault attributable to each of the parties and any persons not parties to the action of whom notice has been given ... and determining the total amount of damages sustained by each claimant....

> (3)(a) Any provision of the law to the contrary notwithstanding, the finder of fact in a civil action may consider the degree or percentage of negligence or fault of a person not a party to the action, based upon evidence thereof, which shall be admissible, in determining the degree or percentage of negligence or fault of those persons who are parties to such action....

 Section 13–21–111.5 thus replaces joint and several liability with a system under which each of several wrongdoers is liable for only a portion of a plaintiff's injuries. *See Moody v. A.G. Edwards & Sons, Inc.,* 847 P.2d 215 (Colo.App.1992); *Graber v. Westaway,* 809 P.2d 1126 (Colo.App.1991). However, while it may not be necessary that

the acts on the part of a designated nonparty have been the same tortious acts as those of a defendant, *see Moody v. A.G. Edwards & Sons, Inc., supra,* it is still necessary that the conduct of any party to be prorated have been a cause of "the claimed injury, death, damage, or loss." Section 13–21–111.5(1). Hence, when a plaintiff seeks damages for the aggravation of a pre-existing condition, conduct that merely created the condition cannot be prorated. *See Kildahl v. Tagge,* 942 P.2d 1283 (Colo.App.1996)(error to submit comparative negligence instruction in malpractice case when plaintiff's conduct created only the occasion for malpractice); *McLister v. Epstein & Lawrence, P.C.,* 934 P.2d 844 (Colo.App.1996).

Defendant argues it is unfair not to allow apportionment between a pre-existing condition and its aggravation pursuant to § 13–21–111.5; otherwise, if the jury cannot apportion based on the nature of the injury, a treatment provider risks being held liable for all the damages resulting from the condition being treated. The argument rests, first, on the assumption that an instruction on apportionment of damages such as set forth at *CJI–Civ.3d* 6:8 (1988) is appropriate when the plaintiff claims that a defendant's malpractice aggravated a pre-existing condition, and then, on the conclusion that pro rata liability is the proper method for the jury to make such an apportionment of damages. We are not persuaded.

 As to defendant's assumption, the doctrine articulated in the standard instruction shifts the burden to the defendant to establish the portion of the plaintiff's damages that were preexisting. If the jury is unable to separate the damages, the defendant is legally responsible for the entire amount of damages the plaintiff has incurred. *See CJI Civ.3d* 6:8, *supra; Brittis v. Freemon,* 34 Colo.App. 348, 527 P.2d 1175 (1974); Restatement (Second) of Torts § 433B (1965).

The burden of apportioning damages has typically been shifted to the defendant in circumstances in which the defendant's conduct is unrelated, and of no potential benefit, to the plaintiff's pre-existing condition; it

is merely fortuitous that the pre-existing condition is aggravated. *See Newbury v. Vogel,* 151 Colo. 520, 379 P.2d 811 (1963); *Brittis v. Freemon, supra.* Neither party has raised the issue of whether it is similarly appropriate to shift the burden of apportioning damages when the defendant is a treatment provider whose assistance has been sought because of the potential benefit to the plaintiff's pre-existing condition, with aggravation of the condition a normal risk of such treatment. We therefore do not address that issue.

However, even if it were appropriate to give the jury some form of an instruction on apportionment of damages, we find no support for the further conclusion that § 13–21–111.5 was enacted to provide a method for that apportionment. Defendant's argument confuses the concept of apportionment of damages, which focuses on the nature of the injury rather than negligence or fault, *see Cowin & Co. v. Medina,* 860 P.2d 535 (Colo. App.1992), with the statutory concept of prorating liability, which focuses on negligence or fault rather than the nature of the injury. *See Moody v. A.G. Edwards & Sons, Inc., supra; Graber v. Westaway, supra.*

■ The statutory scheme does not replace the doctrine of apportionment. Nor does it provide an alternative method for apportioning damage between a pre-existing condition and its aggravation. Rather, it applies in conjunction with the doctrine: apportionment provides a method for separating the damages while pro rata liability provides a method for then determining legal responsibility for the damages so separated.

■ As a result, liability cannot be prorated among nonparties whose conduct merely created a pre-existing condition, even though in doing so they were "negligent or at fault." Likewise, liability cannot be prorated among nonparties who were not "negligent or at fault," and thus breached no duty owed to the plaintiff, even though their conduct contributed to the aggravation of a pre-existing condition.

However, contrary to plaintiff's further argument, it does not follow that defendant on retrial may not seek to prorate liability among *any* of defendant's designated nonparties pursuant to § 13–21–111.5. To the extent defendant is able to prove that, *during* the time defendant treated plaintiff, the conduct of others also aggravated her pre-existing condition, and that such conduct constituted "negligence or fault" in violation of a duty owed to plaintiff, the jury can be instructed to prorate the liability of defendant and all such designated nonparties pursuant to § 13–21–111.5.

II.

■ Plaintiff also contends that, while the trial court erred in permitting defendant to designate as nonparties those who caused the condition for which she sought treatment, it is not necessary to remand for new trial. Instead, according to plaintiff's argument, judgment may be entered against defendant for the entire amount of damages awarded by the jury. We are not persuaded for at least two reasons.

First, the jury was permitted to determine the entire amount of damages resulting from plaintiff's condition, without consideration of apportionment between the pre-existing condition and its aggravation. Second, at least some of the designated nonparties were arguably properly designated because they were allegedly "negligent or at fault" in aggravating plaintiff's preexisting condition.

However, it does not follow that the judgment of liability against defendant must be reversed. Rather, only the damage award must be reversed, with the jury on retrial to determine a proper damage award and to allocate liability for those damages to defendant and to any properly designated nonparties also found to be negligent or at fault. See § 13-21-111.5, C.R.S.(1987 Repl. Vol. 6A); *Bohrer v. DeHart,* 943 P.2d 1220 (Colo. App.1996), on remand following certiorari review, 944 P.2d 633 (Colo.App.1997).

The judgment of liability against defendant is affirmed. The damage award is reversed and the cause is remanded for a new trial to determine damages and the percentage of

negligence or fault to be allocated to defendant and to designated nonparties.

HUME and KAPELKE, JJ., concur.